HARDIN v. STATE et al.

No. 6243.

Court of Civil Appeals of Texas.
Amarillo.

Nov. 17, 1952.

R. L. Graves, Brownfield, for appellant.

Price Daniel, Atty Gen., V. F. Taylor, Asst. Atty. Gen., for appellees.

LUMPKIN, Justice.

Pursuant to the permission granted her by House Concurrent Resolution No. 127, 52nd Legislature, this suit was filed by the appellant, Almeda Hardin, against the appellees, The State of Texas and the Highway Department of the State of Texas, to correct a deed to 6.82 acres of land used for highway purposes in Terry County, Texas.

The appellant alleged that on September 19, 1932, she and her late husband, W. G. Hardin, executed a deed conveying certain lands to the State of Texas to be used as a highway right-of-way. She pleaded that the description in this deed was erroneous and did not accurately describe the land intended to be conveyed; that the property she intended to convey was a strip of land 150 feet wide extending across a 33-acre tract in a southwesterly to northeasterly direction. She pleaded that the deed, which describes three tracts, did not express the mutual intent of the parties and that it was executed and delivered under a mutual mistake of facts as to the description of the land. She alleged that she was a married woman at the time she executed the deed; that she never promised or agreed to convey the third tract described in the deed; that she was never advised by her husband, the notary who took her acknowledgment, or anyone else, that the third tract was included in the deed; that she had no knowledge that this parcel of land was included until after her husband's death.

Because Highway 137 has existed on tract two since 1932, the appellees pleaded under oath that they had acquired this tract by prescription; and, in addition to other defenses, the appellees pleaded that if a mistake did exist by the inclusion of tract three, that it was not such a mistake as to justify the reformation of the deed, since the mistake, if any, was unilateral rather than mutual.

The appellant pleaded and then introduced in evidence a certified copy of the deed. It recites a conveyance to the State of Texas of a tract or parcel of land "containing 6.82 acres more or less described in three tracts. Being a part of a 33 acre tract in said Survey owned by Grantors herein." Each tract is described in detail and the deed concludes by saying: "The above three tracts containing as above set forth 6.82 acres."

Today, tracts one and two are part of the highway right-of-way, while tract three, which is located immediately northwest of tract one and not part of the right-of-way proper, was once used as a borrow pit. It appears, however, that until recently tract three was not inclosed within the regular right-of-way fence. It is not denied that the three tracts total 6.82 acres.

There is no dispute over the tract designated in the deed as the first tract. The appellant's complaint concerns the second and third tracts. One of the distances called for in the second tract should read "661.5 feet" rather than "66.15 feet." The appellees agree that this correction should be made. Obviously, the State has acquired tract two by prescription. Black v. Terry County, Tex.Civ.App., 183 S.W.2d 685. The appellant insists that she never intended to convey the third tract. She admitted signing the deed; and she did not allege that it was procured through fraud or misrepresentation. The State, on the other hand, contends that it intended to

buy and did buy and did have conveyed to it all of the third tract; that if any error exists in the deed, it is in the final call; that is, the direction "south" should be corrected to read "west." After instructing a verdict for the appellees, the trial court made two corrections in the deed: in the second tract the figures "66.15" were changed to read "661.5"; and in the third tract the word "south" was corrected to "west." From this judgment the appellant excepted and duly perfected her appeal to this court.

The appellant contends the court erred in directing a verdict for the appellees because, giving credit to all the evidence favorable to the appellant and indulging every legitimate conclusion favorable to her which possibly could have been drawn from the facts proved, a jury might have found in favor of the appellant. The appellant contends that the testimony in support of the appellant's pleadings, when taken as true, would support a judgment in her favor.

 It is settled that in order to reform a deed for mutual mistake, the mistake must have been made by all parties to the instrument. In the absence of fraud or misrepresentation a unilateral mistake is not grounds for affording relief to the party who was mistaken unless the other party was also mistaken, and even then the evidence of the mistake must be clear and convincing. 36 Tex.Jur. 746 et seq.

In the case of Waco Tap R. R. Co. v. Shirley, 45 Tex. 355, the Supreme Court said:

"It is, however, a well-established elementary principle, that, he 'who seeks to rectify an instrument, on the ground of mistake, must be able to prove not only that there has been a mistake, but must be able to show exactly and precisely the form to which the deed ought to be brought, in order that it may be set right according to what was really intended, and must be able to establish, in the clearest and most satisfactory manner, that the alleged intention of the parties to which he desires to make it conform-

able, continued concurrently to the minds of all parties down to the time of its execution. The evidence must be such as to leave no fair and reasonable doubt upon the mind that the deed does not embody the final intention of the parties.' (Kerr on Mort., 421.)"

A review of the record reveals that the appellant has failed to meet and satisfy almost every one of the essential requisites. Although both the appellant and her daughter testified, there is no proof of a mutual mistake.

The minutes of the Commissioners' Court of Terry County reveal that on September 19, 1932, W. G. Hardin and his daughter, Robbie Marion Hardin, "appeared before the Court and offered to take $50 per acre for all land that is in the draw and $30 per acre for all land on the Hill that will be taken by the right-of-way for Highway No. 137. Motion was made * * * that W. G. Hardin be allowed $50 per acre for all land taken by Highway No. 137, and that the clerk be ordered to issue him a warrant for $100 and the balance to be paid later. And that Robbie Marion Hardin be allowed $30 per acre for all land taken by Highway No. 137, to be paid later." W. W. Price, the county attorney, was appointed to secure the right-of-way.

W. W. Price appeared and testified that he remembered getting the right-of-way for the highway; that the deed to the Hardin land was drawn by the State Highway Department and, as he remembered, called for a right-of-way across a 33-acre tract of land. He identified W. G. Hardin's signature on the deed and said that he recalled taking the appellant's acknowledgment after she signed the deed. He said that he remembered checking the deed; that the Hardins did not object to signing it; that he explained it to the appellant privily and apart from her husband before she signed it; and that he didn't know whether the Highway Department made any mistakes in acquiring the three tracts; that as far as he knew the Hardins conveyed the three tracts to the Highway Department and were paid for the three tracts. The three tracts total 6.82 acres. The

total price amounts to $340 (6.8 acres at $50 per acre), the consideration recited in the deed.

The appellant testified that no one explained the deed to her and that for a number of years the third tract was not fenced by the Highway Department. But, be that as it may, "there is a decided judicial tendency", according to 1 Tex.Jur. 601, "to view with suspicion and distrust attempts to discredit certificates of acknowledgment, and it has been frequently said that in order to impeach a certificate the evidence must be clear, cogent and convincing beyond reasonable controversy." The testimony of the party whose acknowledgment is certified is not sufficient to overcome the certificate of the officer, in the absence of a showing of fraud or imposition. Texas Osage Co-Operative Royalty Pool v. Sullivan, Tex.Civ.App., 93 S.W.2d 566. In the case of Loden v. Carothers, Tex.Civ.App., 85 S.W.2d 291, 293, the court said:

"The rule is * * * well settled that where a married woman has appeared before a notary for the purpose of acknowledging her deed, the fact recitals of the notary's certificate regularly in form of acknowledgment are conclusive against her, unless fraud or imposition is shown and in which the purchaser participated or had notice before paying the purchase money."

In this case the appellant appeared before the notary, W. W. Price, for the purpose of acknowledging the deed. She makes no complaint of fraud or imposition and none is shown. She signed, acknowledged and delivered the deed and accepted the purchase price of $340. The fact that the State did not use tract three as a part of the highway proper or include it within the right-of-way fence is no evidence of mutual mistake in the original acquisition of the property. The State may acquire land for borrow pits and other purposes.

Therefore, from what we have said, the evidence is not sufficient to establish as a matter of law that the appellant was mistaken as to the contents of the deed, and there is no evidence that the appellees were in any way mistaken as to the terms of the deed or the property conveyed by it.

It is for the trial court to weigh the evidence and make whatever deductions were proper from the testimony adduced. By rendering a judgment in favor of the appellees, the trial court, by implication, found that the evidence was insufficient to establish the appellant's claim of mutual mistake. With this finding we agree. Gaither v. Gaither, Tex.Civ.App., 234 S.W. 2d 135, writ ref., n. r. e.; Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447; Williams v. Nettles, Tex.Civ.App., 56 S.W. 2d 321, error dism. The trial court was correct in instructing a verdict in favor of the appellees. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

The only error in the description of tract three is found in the last call. It reads as follows: "Thence south a distance of 483.0 feet to the place of beginning." The error is apparent on the face of the deed. Running the lines in reverse, 483 feet run east from the point of beginning, or the same distance run west from the third corner will fully close the tract. By correcting the call in the deed to read "west" instead of "south" the third tract is fully inclosed and together with the other two tracts totals 6.82 acres. Easterling v. Simmons, Tex.Civ.App., 293 S.W. 690, writ ref.; Battle v. Wolf, Tex.Civ.App., 283 S.W. 1073, writ ref.; Coffey v. Hendricks, 66 Tex. 676, 2 S.W. 47. The trial court properly made this correction. We, therefore, overrule all of the appellant's points of error and affirm the judgment of the trial court.