Alfredo Milton Wathen RUIZ, Burton Francisco Wathen Ruiz, Franklin Eugenio Wathen Ruiz, Ruth Maria Wathen Valle, Dorothy Leonor Wathen Valle, George David Wathen Valle, Benjamin Wathen Valle, Margarita Wathen Lopez, Luisa Valle Castellon, Saratoga Royalty Corporation, David Vinson, Partagas Oil and Gas, Inc., and J. Ritchie Field, Appellants,

v.

STEWART MINERAL CORPORATION, Graham P. Stewart, III, and the Ford C. Witherspoon Irrevocable Trust, Appellee.

No. 12–05–00160–CV.

Court of Appeals of Texas, Tyler.

April 28, 2006.

Rehearing Overruled June 9, 2006.

William D. Guidry, Nacogdoches, Martin P. Averill, Baker & McKenzie, LLP, Dallas, for appellants.

Robert Keith Wade, Beaumont, for appellee.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Alfredo Milton Wathen Ruiz, Burton Francisco Wathen Ruiz, Franklin Eugenio Wathen Ruiz, Ruth Maria Wathen Valle, Dorothy Leonor Wathen Valle, George David Wathen Valle, Benjamin Wathen Valle, Margarita Wathen Lopez, Luisa Valle Castellon, Saratoga Royalty Corporation, David Vinson, Partagas Oil and Gas, Inc., and J. Ritchie Field, defendants in the trial court (collectively "Defendants"), appeal a summary declaratory judgment in favor of Stewart Mineral Corporation, Graham P. Stewart, III, and The Ford C. Witherspoon Irrevocable Trust, plaintiffs in the trial court (collectively "Plaintiffs"). In five issues, Defendants contend that the trial court erred in granting summary judgment, resolving the parties' title dispute in a declaratory judgment action, and awarding Plaintiffs their attorney's fees. We affirm the judgment in part and reverse and remand in part.

### BACKGROUND

In 1903, B.S. Wettermark and wife, Daisy Wettermark, owned an undivided one half of the mineral estate in seven tracts of land located in Nacogdoches and Rusk Counties, Texas.[1] Sometime in 1903, B.S. and Daisy moved to Costa Rica. In 1934, B.S. and Daisy executed a power of attorney in favor of Clifford Witherspoon, which was duly recorded in the deed records of Nacogdoches and Rusk Counties. B.S. died in Costa Rica in 1935. Daisy continued to live in Costa Rica until her death in 1961. In 1938, Clifford executed a deed in which he purported to convey as attorney in fact for B.S. and Daisy an undivided one half mineral interest in the seven tracts to Minnie Wettermark Witherspoon and Carl A. Wettermark. In 1940, Carl executed a deed conveying all of his right, title, and interest in the minerals in the seven tracts to Stewart Mineral Corporation's predecessor in title. Minnie died testate in 1949 without having conveyed her mineral interest in the seven tracts. Minnie's entire estate was devised to Ford Witherspoon, Jr. and subsequently passed to The Ford C. Witherspoon Irrevocable Trust. Plaintiffs have continuously developed the undivided one half mineral interest from 1949 until the filing of this suit on July 25, 2003.

### PROCEDURAL HISTORY

In their original petition, Plaintiffs sought a declaratory judgment that they own the undivided one half mineral interest formerly owned by B.S. and Daisy. See TEX. PRAC. & REM CODE ANN. § 37.001–.011 (Vernon 1997) ("Declaratory Judgments Act"). No other relief was ever sought by Plaintiffs other than under the Declaratory Judgments Act. Plaintiffs alleged in their petition that the 1938 deed was valid to convey the undivided one fourth mineral interest that Daisy owned as her community property.[2] Plaintiffs also alleged that irrespective of the validity of the 1938 deed, they are the owners by adverse possession of Daisy's undivided one fourth mineral interest. They further sought to recover B.S.'s undivided one fourth mineral interest by alleging the five and ten year adverse possession statutes.[3]

---

1. Tracts one, two, and three are described in volume 44, page 265 of the Deed Records of Nacogdoches County, Texas. Tracts four, five, six, and seven are described in volume 52, page 126 of the Deed Records of Rusk County, Texas.

2. Property possessed by either spouse during or on dissolution of marriage is presumed to be community property. TEX. FAM.CODE ANN. § 3.003 (Vernon 1998).

3. In their brief, Plaintiffs seek to sustain adverse possession of B.S.'s mineral interest

**246**

*See* Tex. Prac. & Rem.Code Ann. §§ 16.025, 16.026 (Vernon 2002).

Plaintiffs filed a traditional motion for summary judgment, which they later amended. Plaintiffs' summary judgment motion included summary judgment evidence describing Plaintiffs' chain of title and documents containing facts supporting their adverse possession claim. Defendants filed a response and lodged legal objections, but had no controverting summary judgment evidence considered by the court.[4] Defendants contended that the trial court could not determine title to the undivided one half mineral interest in a declaratory judgment action. They argued that title could be determined only in a trespass to try title action. Defendants further contended that because title to the undivided one half mineral interest could not be determined in a declaratory judgment action, Plaintiffs were not entitled to recover their attorney's fees. Defendants also argued that the 1934 power of attorney is a forgery.

The trial court granted Plaintiffs' amended motion for summary judgment without stating a reason for its ruling. The trial court also ruled that Plaintiffs were entitled to reasonable and necessary attorney's fees. The final judgment declared that Plaintiffs had established title by limitations (adverse possession) to the undivided one half mineral interest in the seven tracts. The judgment also awarded Plaintiffs $57,334.95 for reasonable and necessary attorney's fees against Defendants. Defendants filed a motion for new trial contending that title to real property, including minerals, cannot be determined in a declaratory judgment action and that

Plaintiffs were not entitled to their attorney's fees. The trial court denied the motion for new trial. Defendants timely filed this appeal.

## STANDARD OF REVIEW

Plaintiffs filed a traditional motion for summary judgment. *See* Tex.R. Civ. P. 166a(c). Therefore, we review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* The party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex. 2003). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See, e.g., City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life,* 128 S.W.3d at 216.

## TITLE CLAIMED BY ADVERSE POSSESSION

 In issue one, Defendants contend that a trespass to try title action is the

---

only under the five year adverse possession statute.

4. Defendants filed an affidavit of a landman with their response to Plaintiffs' amended mo-

tion for summary judgment, but that affidavit was stricken by the trial court. The striking of that affidavit is not challenged on appeal.

statutory form of action required for a determination of title to B.S. and Daisy's undivided one half mineral interest. In issue five, Defendants argue that Plaintiffs failed to establish exclusive, adverse possession. A trespass to try title action is a procedure by which rival claims to title or right of possession may be adjudicated. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 755 (Tex.2003). To recover in a trespass to try title action, the plaintiff must recover upon the strength of his own title. *Rogers v. Ricane Enter., Inc.*, 884 S.W.2d 763, 768 (Tex.1994). The plaintiff may recover 1) by proving a regular chain of conveyances from the sovereign, 2) by proving a superior title out of a common source, 3) by proving title by limitations, or 4) by proving prior possession and that the possession has not been abandoned. *Id.*

■ "Adverse possession" is defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." Tex. Civ. Prac. & Rem.Code Ann. § 16.021(1) (Vernon 2002); *see also Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193 (Tex.2003). "Peaceable possession" is defined as "possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." Tex. Civ. Prac. & Rem.Code § 16.021(3). A person must bring suit not later than five years after the day the cause of action accrues to recover real property in peaceable and adverse possession by another who

1) cultivates, uses, or enjoys the property;

2) pays applicable taxes on the property; and

3) claims the property under a duly registered deed.

*Id.* § 16.025(a). When the pleadings and evidence show that the dispute between the parties involves a question of title, the trespass to try title statute governs the substantive claims. *See Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex.2004); *see also Ely v. Briley*, 959 S.W.2d 723, 727 (Tex.App.-Austin 1998, no pet.) (trespass to try title is the exclusive remedy by which to resolve competing title claims to property).

■ Plaintiffs acknowledge that the trial court's final judgment was based solely on adverse possession. Plaintiffs made the following statement in their brief filed with this court:

This is an adverse possession case. [Plaintiffs'] title was not, as suggested by [Defendants], "built" on a 1938 deed executed by an attorney-in-fact to the predecessors of [Plaintiffs] (the "POA Deed"). The POA Deed, in conjunction with other recorded deeds, oil and gas leases, and "pooled unit declarations," was used only to establish the extent of [Plaintiffs'] possession and its hostility to any interest in [Defendants].

When a party claims title by adverse possession, the claim may be resolved only in a statutory trespass to try title action. *See Martin*, 133 S.W.3d at 267. Plaintiffs contend that *Martin v. Amerman* does not apply in this case because it was a boundary dispute and did not involve a question of deed construction or validity. However, by the above language, Plaintiffs concede that the 1938 deed is not central to their adverse possession claim.

■ Adverse possession is one method of proving title in a trespass to try title action. *See Rogers*, 884 S.W.2d at 768. Plaintiffs cite two cases from our sister courts of appeals in which an adverse possession claim was resolved in a suit to quiet title: *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex.App.-Beaumont 2000, pet.

denied) and *Sarandos v. Blanton*, 25 S.W.3d 811, 812 (Tex.App.-Waco 2000, pet. denied). However, both cases were decided prior to *Martin v. Amerman*. We therefore decline to follow the holding of either *Sarandos* or *Wright*.

We hold that a declaratory judgment action was not the proper vehicle for resolving Plaintiffs' adverse possession claim to the undivided one half mineral interest in the seven tracts. Therefore, summary judgment cannot be affirmed on that ground. Defendants' issue one is sustained. Because we have sustained issue number one, we need not consider Defendants' issue five.

### TITLE ESTABLISHED BY DEED CONSTRUCTION

In issues two and four, Defendants contend that a genuine issue of material fact exists, precluding summary judgment, because the 1934 power of attorney was forged and the summary judgment evidence with reference to it was conflicting. It is undisputed that B.S. died prior to the execution of the 1938 deed. Neither party contends that Clifford's authority to act for B.S. under the 1934 power of attorney continued after B.S.'s death in 1935. Therefore, we construe these issues as relating only to Plaintiffs' claim to Daisy's undivided one fourth mineral interest.

■ The Texas Property Code provides that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a) (Vernon 2000). The Declaratory Judgments Act provides an efficient vehicle for parties to seek a declaration of rights under certain instruments. *Martin*, 133 S.W.3d at 265. The Declaratory Judgments Act provides that

[a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are af-

fected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1997). A trial court has discretion to enter a declaratory judgment so long as it will serve a useful purpose or will terminate the controversy between the parties. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 468 (Tex.1995).

■ A contract or deed that can be given a definite or certain legal meaning is not ambiguous. *See Stewart & Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 74 (Tex.1997). The construction of an unambiguous deed is a question of law for the court. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex.1991). The primary duty of a court when construing such a deed is to ascertain the intent of the parties from all of the language in the deed by the four corners rule. *Id.*

■ A certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments is evidence of document's authenticity. *See* TEX.R. EVID. 902(8). There is a decided judicial tendency to view with suspicion and distrust attempts to discredit certificates of acknowledgment. *Hardin v. State*, 254 S.W.2d 898, 901 (Tex.Civ.App.-Amarillo 1952, no writ). To impeach a certificate, the evidence must be clear, cogent, and convincing beyond reasonable controversy. *Id.*

■ In this case, Defendants asserted that the 1934 power of attorney from B.S. and Daisy to Carl was forged, rendering the 1938 deed void. The power of attorney was acknowledged by a notary public. To create a fact issue as to the validity of the

power of attorney, Defendants were required to come forward with evidence to rebut the recitations in the certificates of acknowledgment. However, they did not submit any contrary summary judgment evidence on this issue. The 1938 deed is unambiguous. Because Defendants failed to create a fact issue as to the validity of the power of attorney, the trial court's sole duty was to construe the 1938 deed and determine whether it conveyed Daisy's undivided one fourth mineral interest to Stewart Mineral Corporation's predecessor in title. We hold that it unambiguously did. Therefore, in reliance on the 1938 deed, the trial court properly could have granted summary judgment in favor of Plaintiffs as to Daisy's undivided one fourth mineral interest in the seven tracts. We overrule Defendants' issues two and four.

### ATTORNEY'S FEES

In their issue three, Defendants contend that the trial court abused its discretion in awarding Plaintiffs their attorney's fees. Attorney's fees may not be recovered unless provided for by statute or by contract between the parties. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992). In order to show the reasonableness and necessity of attorney's fees, the plaintiff is required to show that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows recovery of such fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991). When a party is unsuccessful on a claim, it is not entitled to recover attorney's fees. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997).

Plaintiffs brought this lawsuit pursuant to the Declaratory Judgments Act. This Act provides that the trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE § 37.009 (Vernon 1997). The granting or denial of attorney's fees in a declaratory judgment action is within the trial court's discretion. *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex.1996). When a plaintiff seeks to recover attorney's fees in a case involving multiple claims, at least one of which supports an award of fees and at least one of which does not, the plaintiff must offer evidence segregating attorney's fees among the various claims. *See Stewart Title Guar. Co.*, 822 S.W.2d at 10–11.[5] An exception to this duty to segregate arises when the services rendered are in connection with claims arising out of the same facts or transaction and their prosecution or defense entails proof or denial of essentially the same facts. *Id.* In that instance, the claims are "intertwined to the point of being inseparable." *Id.* To determine whether claims are inextricably intertwined, a court must examine the facts alleged in support of the claims. *See id.* Even if the claims arise out of the same transaction, if the prosecution or defense does not entail proof or denial of substantially the same facts, the exception does not apply. *Id.* We review the trial court's determination of this issue (segregation of attorneys' fees) de novo. *Id.*

Here, the trial court awarded $57,334.95 based on the Declaratory Judgments Act. However, it could award only those attorney's fees related to a claim that is a proper subject of a declaratory

---

5. We note that attorney's fees may be recovered in a suit in which a party claims title to real property by adverse possession. TEX. CIV. PRAC. & REM.CODE ANN. § 16.034 (Vernon 2002).

However, there are conditions precedent listed in this statute that are not established in the record before us.

**250**

judgment action. We have held that Plaintiffs' adverse possession claim cannot be resolved in a declaratory judgment action. Therefore, the trial court could award only those attorney's fees relating to Plaintiffs' claim to Daisy's interest under the 1938 deed construed by the trial court. There is no evidence before us that the attorney's fees for these two distinct claims were segregated. An award of attorney's fees erroneously based upon evidence of unsegregated fees requires a remand. *See Stewart Title Guar. Co.*, 822 S.W.2d at 11. Defendants' third issue is sustained.

### CONCLUSION

Having sustained Defendants' issue one, the summary judgment cannot be affirmed on the ground that Plaintiffs' proved title by adverse possession to B.S. and Daisy's undivided one half mineral interest in the seven tracts. Having overruled issues two and four relating to Daisy's interest, the trial court could properly have granted summary judgment in favor of Plaintiffs as to Daisy's undivided one fourth mineral interest. Having sustained issue three, the trial court erred in awarding unsegregated attorney's fees to Plaintiffs.

The trial court's judgment is *affirmed* as to Daisy's undivided one fourth mineral interest. The trial court's judgment is *reversed* as to B.S.'s undivided one fourth mineral interest and the award of attorney's fees and *remanded* to the trial court for further proceedings consistent with this opinion. The trial court is instructed to modify its final judgment to delete the finding that Plaintiffs proved title by limitations.

DeVASTO, J., not participating.