

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00248-CV

_____

**RICHARD HOWARD MCDUFF AND SARA SULLIVAN MCDUFF, INDIVIDUALLY AND AS CO-TRUSTEES OF THE MCDUFF TRUST, THE ERIN ELIZABETH MCDUFF TRUST, AND THE MACKIE ANN MCDUFF TRUST, ERIN ELIZABETH MCDUFF, INDIVIDUALLY AND AS CO-TRUSTEE OF THE ERIN ELIZABETH MCDUFF TRUST, AND MACKIE ANN MCDUFF, INDIVIDUALLY AND AS CO-TRUSTEE OF THE MACKIE ANN MCDUFF TRUST, APPELLANTS**

V.

**ANDY BRUMLEY AND SHERI BRUMLEY, APPELLEES**

_____

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 27,103; Honorable Stuart Messer, Presiding by Assignment

_____

February 22, 2019

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE and PARKER, JJ.

This appeal arises from a suit to quiet title to 345.9 acres of land located along the

Pease River, north of Vernon, in Wilbarger County, Texas.  Plaintiffs and Appellees, Andy

Brumley and Sheri Brumley, sued Defendants and Appellants, Richard Howard McDuff and Sara Sullivan McDuff, individually and as co-trustees of the McDuff Trust, the Erin Elizabeth McDuff Trust, and the Mackie Ann McDuff Trust; Erin Elizabeth McDuff, individually and as co-trustee of the Erin Elizabeth McDuff Trust; and Mackie Ann McDuff, individually and as co-trustee of the Mackie Ann McDuff Trust, seeking to "quiet title" to the disputed property based on a claim of ownership by virtue of a deed from J.A. Corker and Beth Corker. In support of their claim to quiet title, the Brumleys' *Third Amended Petition* also alleged they had continuously possessed, used, and enjoyed the property, open, adverse, and hostile to the claims of all others, including the McDuffs, for a period of more than ten years. The McDuffs filed a counterclaim seeking a declaratory judgment that the Brumleys' deed conveyed no title or interest to the disputed property because the Corkers owned no interest. The McDuffs further contended that the Brumleys' possession, if any, was not open, obvious, adverse, or hostile.

A unanimous Wilbarger County jury found that the Brumleys had held the disputed property "in peaceable and adverse possession for at least ten years before [the day the Brumleys filed their original petition]." Based upon that verdict, the trial court entered a judgment decreeing that "title to the 345-acre tract . . . is quieted in [the Brumleys]." The McDuffs contend the trial court erred in rendering its judgment because (1) it was not supported by legally and factually sufficient evidence and (2) the trial court erred in its submission of the dispute to the jury. Because we find error in the submission of the Brumleys' claim to the jury, we will address the McDuffs' issues in reverse order.

DID THE TRIAL COURT PROPERLY SUBMIT THE DISPUTE TO THE JURY?

As a preliminary matter, we first address whether the judgment entered by the trial court in this matter is improper because it purports to resolve title issues that could only have been adjudicated in a trespass-to-try-title suit. As stated above, this was a suit to "quiet title," not a trespass-to-try-title suit filed pursuant to Rules 783 through Rule 809 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 783-809. While the judgment entered purports to "quiet title," it could also be construed as settling a title dispute in favor of the Brumleys.

It has long been understood that the purpose of a traditional suit to quiet title is not to settle a title dispute but is instead intended to remove a cloud from the title created by an invalid claim being made by the defendant. *See Thomson v. Locke*, 66 Tex. 383, 1 S.W.112, 115 (Tex. 1886) (holding that a suit to quiet title lies "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right"). The principal issue in a suit to quiet title is the existence of a cloud that equity will remove. To remove that cloud, "the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531-32 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The elements of a suit to quiet title are (1) the plaintiff has an interest in specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex.

App.—Amarillo 2013, pet. denied) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied)).

A trespass-to-try-title action, on the other hand, is the appropriate legal procedure by which rival claims to title are to be adjudicated. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 755 (Tex. 2003). To recover in a trespass-to-try-title action, the plaintiff must recover upon the strength of his own title. *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). The plaintiff may recover (1) by proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession and that the possession has not been abandoned. *Id.*

When a party claims title by adverse possession, the claim may be resolved *only* in a statutory trespass-to-try-title action. *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004). Several of our sister courts have interpreted *Martin* to mean that a trespass-to-try-title cause of action "is the *exclusive* method in Texas for adjudicating disputed claims of title to real property." *State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 360 (Tex. App.—Austin 2009, pet. denied) (emphasis added). *See Archaeological Conservancy v. Wilson Land & Cattle Co.,* No. 03-08-00061-CV, 2010 Tex. App. LEXIS 2385, at *12-13 (Tex. App.—Austin March 30, 2010, no pet.) (mem. op.); *Lile v. Smith*, 291 S.W.3d 75, 77-78 (Tex. App.—Texarkana 2009, no pet.); *Veterans Land Bd. v. Lesley*, 281 S.W.3d 602, 627 (Tex. App.—Eastland 2009), *aff'd in part and rev'd in part*, 352 S.W.3d 479 (Tex. 2011); *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.], no pet.); *Ruiz v. Stewart Mineral Corp.*, 202 S.W.3d 242, 247-48 (Tex. App.—Tyler 2006, pet. denied); *Ely v. Briley*, 959 S.W.2d 723, 727 (Tex. App.—Austin 1998, no pet.). *See*

*also MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 & n.48 (Tex. 2009) (describing, in dicta, the property code's trespass-to-try-title action as "exclusive remedy" for adjudicating title disputes). *But see Krabbe v. Anadarko Petroleum Corp.*, 46 S.W.3d 308, 320-21 (Tex. App.—Amarillo 2001, pet. denied) (holding that, under a Uniform Declaratory Judgment Act proceeding to decide the status of an automatic termination provision in an oil and gas lease, any error in permitting trespass-to-try-title claim under the UDJA may be waived absent objection to that procedure).

Therefore, where, as here, the Brumleys were seeking to adjudicate the supremacy of their "title," they filed the wrong cause of action. At best, the only relief the trial court could award in their "quiet title" action was an order or decree that some "cloud" on their title was invalid or unenforceable. In that respect, the Brumleys claimed the McDuffs' mere claim of ownership was a cloud. The McDuffs claimed ownership by virtue of a deed in the chain of title from the sovereignty that predated the Brumleys' claim of title. The McDuffs' claim of title by virtue of a deed in a series of transfers predating the Brumleys' deed is not a "cloud"—it is a superior right to title that prevails over all subsequent claims unless and until it is shown to be invalid or superseded by a subsequent transfer of title. Furthermore, the Brumleys made no claim that the McDuffs' deed was invalid and they asserted no other "cloud" contrary to their claim of ownership.

As stated above, the elements of a suit to quiet title are (1) the plaintiff has an interest in specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable. Here, the Brumleys claimed they owned an interest in the disputed property by virtue of a deed from J.A. Corker and Beth Corker; however, the Corkers were strangers to the chain of title

being claimed by the McDuffs and no attempt was made to show title from the sovereignty or from a common source. Furthermore, at no time did the Brumleys offer any evidence attacking or questioning the supposed "cloud" on their title—the validity of the McDuffs' chain of title to that property. Instead, all they presented was evidence of their claim of ownership—i.e., their assertion of ownership by virtue of the law pertaining to adverse possession. Accordingly, the Brumleys failed to establish the essential elements of a quiet title claim or cause of action. Issues two is sustained.

### WAS A TRESPASS-TO-TRY-TITLE CASE TRIED BY CONSENT?

A party may obtain a judgment on an unpleaded claim when it is tried by consent. TEX. R. CIV. P. 67. Trial by consent is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue or cause of action. To determine whether an unpleaded issue was tried by consent, the appellate court examines the record not for evidence of the issue, but rather for evidence of trial of the issue. *AOC Mgmt. Co. v. AT&T Mobility, LLC*, No. 01-16-00896-CV, 2018 Tex. App. LEXIS 1773, at *31 (Tex. App.—Houston Mar. 8, 2018, pet. denied) (mem. op.).

Here, the Brumleys' active trial pleadings clearly and specifically designated their claim or cause of action as a "Cause of Action – Quiet Title." While allegations of adverse possession were made—no mention was made of any adverse title claim and no other claim or cause of action was identified. In their final prayer, the Brumleys simply asked for "[j]udgment quieting title to the Property" and "removing the cloud on the Brumley's [sic] title." The prayer also included a general prayer for "such other and further relief" to which the Brumleys might show themselves entitled to receive.

6

When it came time to submit the matter to the jury, the Brumleys never asked for a trial amendment to assert a trespass-to-try-title claim based on a theory of adverse possession. To the contrary, they persisted in their quiet title action and they remained silent when the McDuffs objected to the submission of the case based on a theory not supported by the pleadings.

> [McDuffs' Counsel]: We have pled in this case, and it is our theory of this case, that *we were sued for a suit to quiet title*. And I will be objecting to submission based on lack of evidence of ownership by the Brumleys, and I do so now make an objection to the Charge to the extent that the Court contends to submit Brumleys adverse possession because it doesn't set forth -- because Brumleys' Pleadings are simply Pleadings to quiet title, and you cannot quiet title unless you prove ownership.
>
> The Court can't quiet title unless ownership is established. There's case law to that authority. And to submit it gives him a presumed right that violates due process, procedural and substantive due process to our clients, and violates the Property Code and the Texas Civil Practice and Remedies Code. *To the extent that the Court is allowing a submission of the case not supported by the Pleadings*, dealing with submission to quiet title, *which is an adverse possession case*, which is a defense to our claim of superior right of title, and that's why we have to have a Charge. *So I am objecting to that, making that objection. Can I get a ruling?*
>
> THE COURT: Yes. I am going to allow it to go to the jury.
>
> [McDuffs' Counsel]: Okay. So you're denying my objection?
>
> THE COURT: Yes.

Furthermore, even if the evidence was legally sufficient to support the jury's verdict, the verdict does not support the judgment rendered because it does not comport with the cause of action plead or the relief requested. Therefore, submission of issue one is rendered moot. *See* TEX. R. APP. P. 47.1 (written opinion of appellate court need not address issues which are unnecessary to final disposition of the appeal). Additionally, because the Brumleys failed to offer sufficient evidence to support a judgment based on

7

a quiet title action by failing to establish the existence of a cloud which was invalid or unenforceable, we need not reform that judgment.

Given the Brumleys' pleadings, the evidence, the arguments of counsel presented during trial, the jury charge presented by the parties, the arguments or lack thereof made during the charge conference, and the objection of the McDuffs' counsel to the trial of any theory not raised by the pleadings, we conclude the issue of determining title via a trespass-to-try-title suit was not tried by consent. Accordingly, because the judgment entered was not supported by the pleadings nor tried by consent, that judgment cannot stand.

CONCLUSION

The judgment of the trial court is reversed, and judgment is rendered denying all relief requested.


Patrick A. Pirtle
Justice