**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2013

Lyle W. Cayce
Clerk

No. 12-20623

MORLOCK, L.L.C., a Texas Limited Liability Company,

Plaintiff - Appellant

v.

JP MORGAN CHASE BANK, N.A.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1448

Before SMITH, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Morlock, L.L.C. ("Morlock") sued JP Morgan Chase Bank, N.A. ("Chase") in Texas state court after Chase initiated a non-judicial foreclosure on Morlock's property. Chase removed to federal court and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted Chase's motion, and Morlock appealed. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20623

## I. BACKGROUND AND PROCEDURAL HISTORY

Michael and Jennifer Cantu obtained a loan from Priority Home Mortgage, L.P. ("Priority Home") to purchase the underlying property. The loan was secured by a Deed of Trust under which Mortgage Electronic Registration Systems, Inc. ("MERS") was named a beneficiary and acted "solely as a nominee for [Priority Home] and [Priority Home's] successors and assigns."[1] MERS eventually assigned its interest in the Deed of Trust to Chase through an agreement signed by MERS's assistant secretary.

After the Cantus failed to pay their Home Owners Association ("HOA") fees, the HOA foreclosed on their property, and Morlock purchased it at the HOA foreclosure sale. The HOA sale deed provided that the conveyance was made and accepted subject to "any superior liens and encumbrances against the property." The applicable declaration of covenants, conditions, and restrictions subordinates HOA assessment liens to purchase-money mortgages. Accordingly, the purchase-money lien held by Priority Home and secured by the Deed of Trust remained superior to the HOA assessment lien; therefore, Morlock took possession of the property subject to the Deed of Trust. Morlock contests neither the validity of the Deed of Trust nor the inferiority of its interest in the property.

Chase initiated a non-judicial foreclosure on the property, which Morlock challenged in state court. Chase removed to federal court and moved to dismiss. In response, Morlock sought leave to amend its complaint. The district court granted Morlock's motion to amend and analyzed Morlock's First Amended

---

[1] Although the face of the documents signed by the original homeowners shows that MERS has the authority to transfer the Deed of Trust, Morlock argues that MERS does not have that authority. Morlock also attempts to argue that Chase must show it is the holder of both the note and the Deed of Trust. The points are unsupported by sufficient factual and legal citations, so they are waived. *See Douglas W. ex rel. Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210-11 n.4 (5th Cir. 1998) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue.").

No. 12-20623

Complaint. The court then granted Chase's motion to dismiss. Morlock timely appealed.

## II.  DISCUSSION

We review *de novo* a district court's dismissal pursuant to Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). Importantly, however, those allegations must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As carefully and thoroughly analyzed in the district court's opinion and further discussed below, Morlock fails to state plausible quiet-title and wrongful-foreclosure claims.

Morlock's quiet-title claim fails to allege any facts establishing the superiority of its title as compared to the Deed of Trust. A claim for quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.—Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). "A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). As a result, "the plaintiff has the burden of supplying the proof necessary to establish his *superior equity and right to relief*." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (emphasis added); *see also Essex Crane*, 371 S.W.3d at 388 ("The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove."); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) (explaining that the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title").

No. 12-20623

In its First Amended Complaint, Morlock neither contests the Deed of Trust's validity nor suggests that its own interest—derived from the HOA lien—is superior to the Deed of Trust, which secures the purchase-money mortgage. Instead, it challenges the validity of the assignment of the Deed of Trust from MERS to Chase. This argument, however, merely questions whether Chase or MERS has authority to enforce the Deed of Trust. Because Morlock does not challenge the Deed of Trust's validity or otherwise assert title superior to that of Chase or MERS, Morlock fails to advance a plausible quiet-title claim. *See Fricks*, 45 S.W.3d at 327.

Morlock's claim for declaratory judgment—which appears to be based loosely on a theory of wrongful foreclosure—also fails. Under a theory of wrongful foreclosure,[2] Morlock can make Chase prove it has standing to foreclose. *See Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 85 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (explaining that a non-holder party seeking to foreclose must establish standing to foreclose by demonstrating a valid assignment of the security interest). Chase presents evidence of this standing through a facially valid assignment, which was signed by MERS's assistant secretary with a proper corporate acknowledgment and recorded in the county clerk's office.[3] Real property records often contain transfers taking place

---

[2] Morlock's reliance on *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487 (Tex. 1998) is misplaced. There, the mortgagee allegedly foreclosed on the property during a period that the property was under a bankruptcy stay. *Id.* at 489-90. Further, the party challenging the foreclosure had made mortgage payments to the mortgagee as well as substantial improvements to the property. *Id.* at 488. No similar allegations are made in this case. Morlock nowhere alleges that it has made any payments with respect to the property in question to Priority Home, MERS, or Chase.

[3] We may consider this document because it was referenced in Morlock's complaint and included in Chase's motion-to-dismiss briefing. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (providing that documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

4

many years in the past. Thus, Texas "view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment," under which the transfer is presumptively valid and contradicting evidence "must be clear, cogent, and convincing beyond reasonable controversy." *Ruiz v. Stewart Mineral Corp.*, 202 S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied).

Morlock fails to plead any facts remotely approaching this standard. Indeed, he does not even allege the existence of such evidence, as the complaint states no facts impugning the agreement between MERS and Chase apart from the bare assertion that the assignment was "signed by . . . person(s) who were not authorized to sign the documents" without any supporting facts. This "naked assertion[] devoid of further factual enhancement" fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).[4] The district court appropriately dismissed Morlock's complaint.[5]

---

[4] Moreover, Morlock's "*only* interest or right . . . in the instrument of assignment" is to ensure that it does not "pay the same claim twice." *Tri-Cities Const., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ) (emphasis added). Because Morlock is not a borrower under the purchase-money mortgage secured by the Deed of Trust, it does not stand to incur any liability under the note as a result of the foreclosure. Tellingly, it has not even joined MERS or Priority Home as a party in this case; any judgment in this case would thus not be binding upon them.

[5] Morlock argues for the first time on appeal that the district court erred in not providing an opportunity to amend its complaint a second time after it granted Chase's motion to dismiss. Morlock has failed to preserve this issue for our review because Morlock did not seek leave from the district court to amend its complaint a second time. *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) ("[We] will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances."); *cf. McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (concluding that the district court did not abuse its discretion in denying a request to amend a complaint when the plaintiff failed to provide the proposed amended complaint or explain the substance of the proposed amendment). Further, Morlock fails to present any evidence or argument to suggest that a second amended complaint would not have been futile. As a result, even if Morlock had sought leave to amend its complaint, the district court would have been within its discretion to deny Morlock's request. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile[, including when]

No. 12-20623

AFFIRMED.

the amended complaint would fail to state a claim upon which relief could be granted.").