# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2013

No. 12-20832
Summary Calendar

Lyle W. Cayce
Clerk

MORLOCK, L.L.C., a Texas Limited Liability Company,

Plaintiff - Appellant

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., Trustee,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:12-CV-1585

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Morlock, L.L.C., a Texas limited liability corporation, appeals the district court's judgment granting Defendant-Appellee Bank of New York Mellon's ("BNYM") renewed Rule 12(c) motion for judgment on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20832

pleadings.[1]  For essentially the reasons given by the district court in its well-reasoned opinion, we agree that Morlock has not plausibly stated a quiet title claim under Texas law.

This case arises out of a foreclosure proceeding involving real property located at 1958 August Drive, Houston, Texas, 77057.  Borrowers Mingfeng Zhu and Tsan Hung Timothy were the original purchasers of the 1958 August Drive property in 2006, at which time they executed and delivered a Deed of Trust to Franklin Bank, SSB, the original lender, in order to secure the necessary loan.  The Deed of Trust specified that Mortgage Electronic Registration System ("MERS"), a separate corporate entity, was the beneficiary and nominee for the lender and its successors.[2]  MERS subsequently assigned the Deed of Trust to BNYM through an Assignment of Deed of Trust dated January 19, 2012, which transferred all beneficial interest under the Deed to BNYM.  BNYM subsequently posted the 1958 August Road property for sale as part of a substitute trustee sale scheduled for April 3, 2012.  Morlock, however, alleges

---

[1] Morlock also challenges the district court's denial of leave to amend the complaint. Morlock, however, was ordered to amend its complaint by October 8, 2012, after BNYM provided copies of the original Note and Deed of Trust.  Morlock simply did not review the proffered documents until late October or attempt to file an amended complaint until November 1, 2012. The district court did not abuse its discretion in finding that Morlock has not made the requisite showing of good cause necessary for Rule 16(b)(4) relief.  *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  We thus AFFIRM the district court's denial of leave to amend.

[2] In relevant part, the original Deed of Trust states:
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

that it did not receive notice of the sale, despite having an ownership interest in the property. As a result, Morlock filed its initial petition on April 2, 2012 in Texas state court, seeking to quiet its title in the property and to obtain a temporary restraining order preventing the April 3 sale. BNYM removed the case to federal district court, filing its answer to the petition and eventually the renewed Rule 12(c) motion at issue here.[3]

We review the district court's grant of a Rule 12(c) motion for judgment on the pleadings *de novo. Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "A motion for judgment on the pleadings . . . is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Id.* "To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face," accepting as true all well-pleaded facts. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks and citation omitted). But, "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (citation omitted).

The district court properly found that Morlock's petition failed to state a quiet title claim cognizable under Texas law. In a Texas quiet title action, "[t]he plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App. 2012); *see also Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 719 (5th Cir. 1951) ("It has been stated that an action to quiet title may be maintained *by the owner of land* to determine any adverse claim of the defendant." (emphasis

---

[3] BNYM filed its initial Rule 12(c) motion on July 6, 2012. The district court then ordered BNYM to produce copies of the original Note and Deed of Trust and for Morlock to file an amended complaint based on those documents. BNYM provided the documents in September, Morlock did not file an amended complaint by the October 8 deadline, and BNYM subsequently filed its renewed Rule 12(c) motion on October 11.

added)). Morlock's petition fails at the most basic step; it has not shown—aside from its mere assertion to the contrary—that Morlock possesses an ownership interest in the real property at issue. Neither the original Note and Deed of Trust contained in the record mention Morlock, nor does the assignment from MERS to BNYM. Indeed, Morlock's petition pleads the initial transaction between the original borrowers and the lender, but the petition does not even suggest how Morlock acquired an ownership interest in the property in the light of the fact that it was not an original borrower. Although Morlock eventually stated that its ownership interest was derived from a Trustee Deed dated August 5, 2011,[4] no copy of that deed was attached to any of the filings, and the deed is not otherwise contained in the record. Morlock thus has not shown that it has any interest in the property aside from its conclusory statements. In order to plausibly state a claim for quiet title relief, Morlock needed to demonstrate that it has an ownership interest in the 1958 August Drive property.[5]

Because Morlock has not done so, the judgment of the district court therefore is

AFFIRMED.

---

[4] Both BNYM and the district court acknowledge Morlock's claim to have attached the August 2011 deed to its response to BNYM's renewed motion for judgment on the pleadings, but in fact the deed was not attached.

[5] The district court further concluded that, assuming Morlock had sufficiently pled an ownership interest, the Deed of Trust expressly provided MERS the authority to assign the Deed to BNYM, thus foreclosing Morlock's argument that BNYM's interest in the property was invalid or unenforceable. Although we need not address this argument because Morlock has not demonstrated an ownership interest in the property, it is clear that the Deed of Trust supports the district court's alternate conclusion.