# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2013

No. 13-20132
Summary Calendar

Lyle W. Cayce
Clerk

MORLOCK, L.L.C., A Texas L.L.P.,

      Plaintiff - Appellant

v.

METLIFE HOME LOANS, L.L.C., A Division of MetLife Bank, N.A.,

      Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-142

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This quiet-title action concerns the ownership of the property located at 14907 East Lime Blossom Court in Cypress, Texas (the "Property").

On February 28, 2008, Thearith Soeung and Maly May ("Mortgagors") purchased the Property. They executed a promissory note payable to Destino Mortgage, Inc. The note was secured by a deed of trust under which Mortgage Electronic Registration Systems, Inc. ("MERS") was named a beneficiary and acted "solely as a nominee for Lender and Lender's successors and assigns."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Destino was identified in the instrument as the Lender. MERS assigned its interest in the deed of trust to Defendant-Appellee Metlife Home Loans, L.L.C. ("Metlife").

The Property had a prior recorded homeowners' association lien for assessments created through a declaration of covenants (the "HOA lien"). When the Mortgagors failed to pay assessments as they came due, the Fairfield Village South Neighborhood Association, Inc. (the "HOA") foreclosed on the Property, and Plaintiff-Appellant Morlock, L.L.C. purchased the Property at the foreclosure sale. The conveyance was "made and accepted subject to any superior liens and encumbrances against the property."

Metlife, the assignee of the deed of trust, later posted the Property for sale as part of a substitute trustee sale scheduled for January 3, 2012. On the day of the scheduled sale, Morlock filed a petition and application for temporary restraining order in Texas state court seeking to enjoin the foreclosure sale and quiet title to the Property. Metlife removed on basis of diversity jurisdiction and moved to dismiss for failure to state a claim. Adopting the magistrate judge's memorandum and recommendation, the district court granted the motion to dismiss, dismissed the case with prejudice, and entered final judgment for Metlife.

For essentially the reasons stated by the district court, we agree that dismissal was warranted. The HOA sale deed, pursuant to which Morlock obtained an interest in the Property, provides that the conveyance was "made and accepted subject to any superior liens and encumbrances against the property." And the declaration of covenants, which created the HOA lien, provides that it "shall be deemed subordinate to any Mortgage." In light of these documents, which, because they were referenced in the complaint and are matters of public record, were properly considered in connection with the motion to dismiss, *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), Morlock

cannot establish a plausible quiet-title claim under Texas law, s*ee Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also Morlock, L.L.C. v. Bank of America, N.A. ("Morlock v. BOA")*, No. H-12-0364, 2012 WL 1640895, at \*4 (S.D. Tex. May 8, 2012) ("[G]iven the contents of the Condominium Declaration, which provides that mortgage liens are superior to liens arising from the Condominium Declaration, Morlock has not, and cannot, establish the strength of his title vis-a-vis BofA. Accordingly, Morlock's quiet title claim is subject to dismissal under Rule 12(b)(6)."); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A. ("Morlock v. JP Morgan")*, No. 12-20623, 2013 WL 2422778, at \*1 (5th Cir. Jun. 4, 2013) (per curiam) ("Morlock's quiet-title claim fails to allege any facts establishing the superiority of its title as compared to the Deed of Trust.").

Morlock's argument that the deed of trust "is invalid and has no force or effect because . . . MERS was not the holder of the original note" is likewise unavailing. We find persuasive and correspondingly adopt the reasoning of an unpublished decision of this court rejecting this very argument in a similar context. *See Morlock v. JP Morgan*, 2013 WL 2422778, at \*2 ("[Morlock] challenges the validity of the assignment of the Deed of Trust from MERS to Chase. This argument, however, merely questions whether Chase or MERS has authority to enforce the Deed of Trust. Because Morlock does not challenge the Deed of Trust's validity or otherwise assert title superior to that of Chase or MERS, Morlock fails to advance a plausible quiet-title claim."); *see also Morlock v. BOA*, 2012 WL 1640895, at \*4 ("BofA's facially valid claim to the Property is not, and cannot be found, invalid or unenforceable based on the improper assignment allegations in Morlock's petition.").

We hold, in addition, that the district court did not abuse its discretion in denying leave to amend the complaint, as any amendment would have been futile. *See Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 373 (5th Cir. 2010); *see also Morlock v. JP Morgan*, 2013 WL 2422778, at \*2 n.5 ("Morlock fails to

present any evidence or argument to suggest that a second amended complaint would not have been futile."); *Morlock v. BOA*, 2012 WL 1640895, at \*4 ("Morlock's proposed amendment does not, and cannot, overcome the contents of the Deed of Trust, the assignment of the Deed of Trust, and the Condominium Declaration, all of which defeat any allegation or claim Morlock may have that its interest in the property is not subject to BofA's lien. Thus, even if the amendment Morlock proposes were allowed, dismissal of Morlock's quiet title claim would still be warranted.").

AFFIRMED.