# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2014

Lyle W. Cayce
Clerk

MORLOCK, L.L.C.,

Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3276

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Morlock, L.L.C. sued Bank of America, N.A., seeking to enjoin foreclosure proceedings and quiet title on a property Morlock had purchased in Houston, Texas. The district court dismissed the case, and we affirm.

**I**

In 2004, William Roper and Karen Roper purchased the subject property and executed a promissory note payable to Countrywide Home Loans, Inc. The note was secured by a deed of trust. Under the deed of trust, the Ropers were the borrowers, Countrywide was the lender, and Mortgage Electronic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Registration Systems, Inc. (MERS) was the beneficiary and the nominee for Countrywide.  The deed of trust provides that MERS has "the right to foreclose and sell the Property."  MERS assigned its interest in the deed of trust to BAC Home Loans Servicing, LP, which later merged into Bank of America.

The property also had a recorded lien for assessments due to a homeowners' association (the S-G Owners Association, Inc.), established by a Declaration of Covenants, Conditions and Restrictions (the Declaration). When the Ropers failed to pay assessments as they came due, the homeowners' association foreclosed on the property, and Morlock purchased the property at the foreclosure sale.  The trustee's deed provides that the conveyance to Morlock "is made and accepted subject to any superior liens . . . against the property as provided for in the Declaration or at law."  The Declaration itself provides that any homeowners' association lien "shall be secondary, subordinate and inferior to all liens . . . to secure the payment of monies advanced on account of the purchase price . . . ."

Bank of America later posted the property for a trustee's foreclosure sale. In response, Morlock filed a petition and application for temporary restraining order in Texas state court seeking to enjoin the foreclosure sale and quiet title to the property.  Bank of America removed the case to federal court and moved to dismiss for failure to state a claim.  Morlock filed a response to the motion to dismiss, which included a request for leave to amend its complaint.  The district court granted the motion to dismiss and denied Morlock's request for leave to amend.  Morlock appealed.

## II

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), "'accepting all well-pleaded facts as true and viewing those facts in

the light most favorable to the plaintiffs.'"[1]  To survive a Rule 12(b)(6) motion to dismiss, "plaintiffs must plead 'enough facts to state a claim for relief that is plausible on its face.'"[2]

## III

For essentially the reasons stated by the district court, we agree that dismissal was warranted.  Morlock concedes that when it purchased the property at the homeowners' association foreclosure sale, it was subject to the deed of trust as a superior lien on the property.  This is undisputable, as the trustee's deed provided that the conveyance to Morlock was subject to any superior liens against the property, and the Declaration provided that the homeowners' association lien was subordinate to mortgage liens.  These documents were properly considered in deciding the motion to dismiss since they were matters of public record.[3]

Morlock nonetheless argues that it has stated a plausible quiet title claim under Texas law.  According to Morlock, Bank of America could not foreclose because it was not the holder or owner of the note, but only the nominee and beneficiary under the deed of trust.  Morlock also contends that the deed of trust could not be assigned to Bank of America without also assigning the underlying note to Bank of America, and that any assignment of the deed of trust would have to be signed by Countrywide.  This court rejected

---

[1] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[2] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("We note approvingly . . . that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'").

these arguments in *Martins v. BAC Home Loans Servicing, L.P.*[4] Moreover, to the extent Morlock argues that the assignment of the deed of trust to Bank of America was made by an unauthorized individual, it has no standing to make this challenge.[5] Accordingly, Morlock has not stated a plausible quiet title claim since Bank of America did not lack authority to foreclose and Bank of America's claim is not otherwise invalid, unenforceable, or unlawful.[6]

The district court also did not abuse its discretion in denying leave to amend the complaint.[7] In requesting leave to amend, Morlock stated that it would add more specific factual allegations but never explained how such facts could change the legal effect of the documents submitted by Bank of America. Thus, as the district court concluded, leave to amend would have been futile.[8]

As a final matter, Morlock has previously raised the same arguments it made here in other appeals with nearly identical facts, and this court has

---

[4] 722 F.3d 249, 252-55 (5th Cir. 2013) (holding that an assignee of a deed of trust did not need to hold or own the note to foreclose and recognizing MERS's authority to assign a deed of trust without also assigning the corresponding note, where MERS was the beneficiary and nominee with power to foreclose under the deed of trust).

[5] *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225-26 (5th Cir. 2013) (holding that "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor" and that an unauthorized assignment only renders it voidable).

[6] *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("An action to remove a cloud from title exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'"); *see also U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("[T]he elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.").

[7] *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("In general, we review a district court's denial of leave to amend for abuse of discretion.").

[8] *See Rogers v. Boatright*, 709 F.3d 403, 411 (5th Cir. 2013) (holding that the district court did not err in denying leave to amend as futile where the plaintiff had "not shown on appeal that he could have alleged in an amended complaint any additional facts that would have precluded the district court from reaching its conclusion").

rejected those arguments.[9]  Morlock is warned that frivolous, repetitive, or otherwise abusive filings in the future will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on its ability to file pleadings in this court and other courts subject to this court's jurisdiction.

\*     \*     \*

The judgment of the district court is AFFIRMED and a sanctions warning is ISSUED.

---

[9] *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at \*1-2 (5th Cir. June 4, 2013); *Morlock, L.L.C. v. MetLife Home Loans, L.L.C.*, 539 F. App'x 631, 632-33 (5th Cir. 2013).  This court has dismissed similar cases brought by Morlock for different reasons. *E.g.*, *Morlock, L.L.C. v. Bank of New York Mellon Trust Co.*, 537 F. App'x 583, 585 (5th Cir. 2013) (dismissing case because Morlock never explained why it had any ownership interest in the property at all); *Morlock, L.L.C. v. Bank of New York Mellon*, No. 12-20677 (5th Cir. Dec. 5, 2012) (dismissing case for failure to file brief and record excerpts).