# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-20122
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

CHARLES B. VAN DUZER; CANDACE B. VAN DUZER,

　　　　　　　　　　　　　　　Plaintiffs−Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION,
Individually and as Trustee for RASC 2006-KS5;
MERSCORP HOLDINGS, INCORPORATED;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INCORPORATED;
UNKNOWN CLAIMANTS,

　　　　　　　　　　　　　　　Defendants−Appellees.

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1398

————

No. 14-20122

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Charles and Candace Van Duzer sued U.S. Bank National Association ("U.S. Bank"), both individually and as trustee for RASC 2006-KS5; Merscorp Holdings, Inc. ("Merscorp"); and Mortgage Electronic Registration Systems, Inc. ("MERS"), alleging causes of action related to the origination, subsequent assignment, and attempted foreclosure of a home equity loan. The district court, in a commendably thorough fifty-four-page opinion, granted defendants' motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Finding no error, we affirm.

I.

In 2006, the Van Duzers took out a home equity loan from Homecomings Financial Network, Inc. ("Homecomings"). MERS, as nominee for Homecomings, sought a judicial foreclosure of the Van Duzers' property after they had defaulted on their loan payments. In 2010, the Van Duzers sued MERS, Homecomings, and two other defendants (the "2010 Defendants") to prevent a judicial foreclosure. Ultimately, the state court granted summary judgment for the 2010 Defendants in 2011. Homecomings assigned its interest in the Van Duzer home to U.S. Bank in 2012. In 2013, U.S. Bank sought a judicial foreclosure, prompting the Van Duzers to file this latest suit.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20122

## II.

### A.

The district court granted the defendants' motion for judgment on the pleadings under Rule 12(c) as to all claims. "We review a district court's ruling on a Rule 12(c) motion for judgment on the pleadings *de novo*, using the same standard applicable to a Rule 12(b)(6) motion to dismiss. To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face." *Johnson v. Teva Pharm. USA, Inc.*, 2014 WL 3397786 (5th Cir. July 11, 2014) (internal quotation marks omitted).

### B.

The district court noted that the earlier state court lawsuit—which resulted in a summary judgment for the 2010 Defendants—centered on the initial lending transaction between the Van Duzers and Homecomings (U.S. Bank's predecessor-in-interest). There the Van Duzers challenged the role of MERS as "nominee" and "beneficiary" under the original instrument, Homecoming's role as lender, the validity and enforceability of the original instrument, the representations made by the 2010 Defendants as to the initial transaction, and the right of the 2010 Defendants to foreclose. Applying Texas law on *res judicata*, the district court concluded that the Van Duzers' claims were barred to the extent they were based on circumstances and events surrounding the initial transaction. The district court's correct analysis was based on well-established Texas law.

### C.

The Van Duzers did not limit their new lawsuit to the initial transaction, however. They also challenge the validity of the assignment from MERS (the nominee of Homecomings) to U.S. Bank. They press five theories: (1) The

defendants do not possess the original note; (2) the note was rendered unsecured by the bifurcation of the note and the security instrument; (3) the inclusion of the note in a securitized trust rendered the security instrument unenforceable; (4) the assignment was a "forgery;" and (5) MERS did not have authority to execute the assignment.

The Van Duzers' brief makes no mention of the third and fourth theories, so they are waived. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). As to the other counts, the district court concluded that "Plaintiffs' contention that Defendants must produce the original Note in order to foreclose has no merit under Texas law." It cited *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013), in which we unequivocally rejected the "show-me-the-note" theory, holding that assignments through MERS are valid under Texas law.

The district court rejected the Van Duzer's second theory as to bifurcation because, again under Texas law as elucidated in *Martins*, "the beneficiary of the lien can be different from the holder of the note" and "[t]he party to foreclose need not possess the note itself." *See Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 536–37 (5th Cir. 2013). *Martins* also answers the Van Duzers' claims relating to MERS's authority to execute the assignment. There, we held that MERS "qualifies as a mortgagee" under Texas law, and we have repeatedly upheld MERS' assignment of mortgages to other entities. *Martins*, 722 F.3d at 255; *see also Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 WL 200492, at *9 (S.D. Tex. Jan. 17, 2014).

The district court was correct to reject the first, second, and fifth theories challenging the MERS assignment. We therefore affirm its determination as to the validity of the assignment from MERS to U.S. Bank, and we need not address whether it was also correct that, under *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013), the Van Duzers would

No. 14-20122

additionally be barred by Texas law from challenging the assignment in the first instance.

## III.

Aside from challenging the validity of the assignment to U.S. Bank, the complaint alleges fifteen causes of action, including (1) civil RICO; (2) conspiracy; (3) common-law fraud and injurious falsehood; (4) slander/defamation of title and quiet title; (5) fraud by misrepresentation; (6) fraud by omission; (7) conspiracy to commit fraud by the creation, operation, and use of the MERS system; (8) conspiracy to commit wrongful foreclosure by the creation, operation, and use of the MERS System; (9) unjust enrichment; (10) forgery; (11) laches; (12) a claim under the Federal Truth in Lending Act; (13) infliction of emotional distress ("IIED"); (14) breach of fiduciary duty or quasi-fiduciary duty; and (15) violations of the Real Estate Settlement Procedures Act. These counts largely consist of baseless attacks on the MERS system, which has been upheld in this circuit on numerous occasions, as noted. In painstaking detail, the district court explained why the defendants were entitled to judgment on the pleadings under Rule 12(c). On appeal, the Van Duzers challenge the judgment on a number of grounds (some less opaque than others) that we address in turn.

## A.

The Van Duzers attack the Texas foreclosure statutes as unconstitutional under the Due Process Clause of the Fourteenth Amendment. As the defendants correctly point out, however, the Van Duzers never presented this claim to the district court, so we do not consider it. *See, e.g., Marco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009). The same is true for their equal-protection argument related to access to the district court's electronic

No. 14-20122

filing system.

B.

The Van Duzers claim they were wrongfully denied discovery. As we stated in a case concerning limitations on the scope of discovery before summary judgment, "[i]t hardly bears repeating that control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987). Here, where the dispositive motion was for judgment on the pleadings and thus was confined to the pleadings and a limited class of documents, discovery would have been a meaningless expense on the defendants. The district court did not err where it denied the Van Duzers' request for discovery before their pleadings were held to survive Rule 12 motions.

C.

The Van Duzers theorize that the district court improperly considered the defendant's motion as one for judgment on the pleadings, rather than for summary judgment under Rule 56, because the court considered documents outside the pleadings in making its decision. This notion is without merit. The only documents the court considered were those attached to the complaint and public documents from the Van Duzers' bankruptcy proceeding. The latter documents are of a kind that must *always* be considered in disposition of a *res judicata* defense in a Rule 12(c) motion. At any rate, we have already approved the consideration of both documents attached to the complaint and publicly available documents at the Rule 12 stage. *See, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) (as to publicly available documents); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (as to

No. 14-20122

documents attached to the complaint).  And so, the district court did not err in considering those classes of documents.

D.

The Van Duzers specifically challenge the dismissal of their "Slander of Title" claim—one of the few counts for which they provide a specific argument on appeal.  The district court granted the Rule 12(c) motion on the Slander of Title claim because, *inter alia*, the Van Duzers had failed to allege a necessary element for such a claim under Texas law.  Specifically, they did not allege "the loss of a specific sale."  *See Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  In their brief, the Van Duzers do not contend that this element is not required in Texas law, nor do they aver that they alleged a "loss of a specific sale."  There is no error.

E.

The Van Duzers question the dismissal of their IIED claim.  The district court granted the Rule 12(c) motion because the Van Duzers failed to plead factual allegations about which reasonable minds could differ in determining whether the defendants' conduct was "extreme or outrageous."  The Van Duzers also plead no facts indicating that they have suffered severe emotional distress, and their brief is as conclusional as their pleadings.  We therefore affirm the dismissal of the IIED claim.

F.

The Van Duzers say that the district court abused its discretion in declining to allow them to amend their complaint.  The record shows, however, that the court allowed them to amend "to address [the] pending motion [for judgment on the pleadings]."  They did not take up the opportunity to amend

No. 14-20122

at that time; they also never sought leave to amend before the district court. Moreover, their brief provides no explanation of how any amendment would have cured the deficiencies of their complaint. We therefore find no error.[1]

The judgment is AFFIRMED.

---

[1] The remaining two arguments in the Van Duzers' brief essentially challenge the summary judgment in favor of the 2010 Defendants. Of course, that case is not before us, and it does not appear that the Van Duzers ever appealed.