# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20602

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2014

Lyle W. Cayce
Clerk

MORLOCK, L.L.C., a Texas Limited Liability Company,

Plaintiff–Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3648

Before STEWART, Chief Judge, OWEN, Circuit Judge, and MORGAN*, District Judge.

PER CURIAM: **

Morlock, L.L.C. sued JP Morgan Chase Bank, N.A. (Chase), seeking to enjoin foreclosure proceedings and to quiet title to a property Morlock purchased in Houston, Texas. The district court dismissed the case, and we affirm.

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20602

## I

In 2008, Marcos Rodriguez obtained a loan secured by a deed of trust on the subject property. Under the deed of trust, Rodriguez was the borrower, Universal American Mortgage Company, L.L.C. was the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) was the beneficiary and the nominee for Universal American Mortgage. The deed of trust provided that MERS has "the right to foreclose and sell the Property." MERS assigned its interest in the deed of trust to Chase.

The property was also subject to a recorded lien for assessments due to a homeowners' association. The lien was established by a Declaration of Covenants, Conditions, and Restrictions (the Declaration). When Rodriguez failed to pay assessments as they came due, the homeowners' association foreclosed on the property, and Morlock purchased the property at the foreclosure sale. The Declaration provided that the homeowners' association lien was subordinate to first mortgages and any other mortgages recorded in the official real property records.

Chase later posted the property for a trustee's foreclosure sale pursuant to the deed of trust. In response, Morlock filed a petition and application for a temporary restraining order in Texas state court seeking to enjoin the foreclosure sale and to quiet title to the property. Chase removed the case to federal court based on diversity of citizenship and moved to dismiss for failure to state a claim. Morlock's response to the motion to dismiss included a request for leave to amend its complaint. The district court denied Morlock's request for leave to amend and granted Chase's motion to dismiss. Morlock appealed.

## II

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), accepting all well-pleaded facts as true and viewing those facts in the

No. 13-20602

light most favorable to the plaintiffs.[1]  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim for relief that is plausible on its face.[2]

## III

For essentially the reasons stated by the district court, we agree that dismissal was warranted.  Morlock concedes that when it purchased the property at the homeowners' association foreclosure sale, the deed of trust was a superior lien on the property.  This is indisputable, as the Declaration provided that the homeowners' association lien was subordinate to mortgage liens.  We may consider the deed of trust, the assignment of the deed of trust, and the Declaration in deciding the motion to dismiss since they are relied upon by Morlock and are matters of public record.[3]

Morlock nonetheless argues that it has stated a plausible quiet title claim under Texas law.  According to Morlock, Chase could not foreclose because it was not the holder or owner of the note.  Morlock also contends that the deed of trust could not be assigned to Chase without also assigning the underlying note to Chase, and that any assignment of the deed of trust to Chase needed to be signed by the original lender, Universal American Mortgage.

---

[1] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[2] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("We note approvingly . . . that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'").

No. 13-20602

This court rejected these arguments in *Martins v. BAC Home Loans Servicing, L.P.*[4] In *Martins*, as here, MERS was the beneficiary and nominee for the original lender with the power to foreclose under the deed of trust. MERS assigned its rights in the deed of trust to a third party.[5] This court held that the third party did not need to hold the note to foreclose and recognized MERS's authority to assign its rights in the deed of trust without also assigning the underlying note.[6] The facts of this case are indistinguishable. Chase, like the third party in *Martins*, could foreclose without holding the note, and MERS had the power to assign its rights in the deed of trust to Chase. Moreover, Morlock lacks standing to challenge the authority of the person who signed the assignment on MERS's behalf.[7] Accordingly, Morlock has not stated a plausible quiet title claim since Chase did not lack authority to foreclose and Chase's claim is not otherwise invalid, unenforceable, or unlawful.[8]

The district court also did not abuse its discretion in denying leave to amend the complaint.[9] In requesting leave to amend, Morlock stated that it

---

[4] 722 F.3d 249 (5th Cir. 2013).

[5] *Martins*, 722 F.3d at 252, 255.

[6] *Id.* at 255-56.

[7] *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013) (holding that someone who is not a party to an assignment lacks standing to challenge the validity of the assignment based on the alleged lack of authority of the agent executing the assignment, since an unauthorized contract is voidable, not void).

[8] *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("An action to remove a cloud from title exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'"); *see also U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) ("[T]he elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.").

[9] *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("In general, we review a district court's denial of leave to amend for abuse of discretion.").

4

would add more specific factual allegations but never explained how such facts could change the legal effect of the documents submitted by Chase.  Thus, as the district court concluded, leave to amend would have been futile.[10]

As a final matter, Morlock has previously raised the same arguments it made here in other appeals with nearly identical facts, and this court has rejected those arguments.[11]  In a recent case, this court issued a warning to Morlock "that frivolous, repetitive, or otherwise abusive filings in the future will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on its ability to file pleadings in this court and other courts subject to this court's jurisdiction."[12]  Although this appeal was filed before we issued the warning, Morlock should have withdrawn this appeal after receiving the warning.

Because of Morlock's unwillingness to heed our warning, we hereby impose a $100.00 sanction on Morlock, payable to Chase.  We also order that Morlock be barred from filing any further appeals in this court until (1) the sanctions awarded by this court are fully paid, and (2) a district court certifies any appeal as having some arguable merit.[13]

---

[10] *See Rogers v. Boatright*, 709 F.3d 403, 411 (5th Cir. 2013) (holding that the district court did not err in denying leave to amend as futile when the plaintiff had "not shown on appeal that he could have alleged in an amended complaint any additional facts that would have precluded the district court from reaching its conclusion").

[11] *Morlock, L.L.C. v. Bank of Am., N.A.*, No. 13-20603, 2014 WL 2751142, at *1-2 (5th Cir. June 18, 2014); *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1-2 (5th Cir. June 4, 2013); *Morlock, L.L.C. v. MetLife Home Loans, L.L.C.*, 539 F. App'x 631, 632-33 (5th Cir. 2013).  This court has dismissed similar cases pursued by Morlock for different reasons.  *E.g.*, *Morlock, L.L.C. v. Bank of N.Y. Mellon Trust Co.*, 537 F. App'x 583, 585 (5th Cir. 2013) (dismissing case because Morlock never explained why it had any ownership interest in the property at all); *Morlock, L.L.C. v. Bank of N.Y. Mellon*, No. 12-20677 (5th Cir. Dec. 5, 2012) (dismissing case for failure to file appellant brief and record excerpts).

[12] *Bank of Am.,* 2014 WL 2751142, at *2.

[13] *See Smith v. McCleod*, 946 F.2d 417, 418 (5th Cir. 1991).

No. 13-20602

\*     \*     \*

The judgment of the district court is AFFIRMED and sanctions are ISSUED.