# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2015

Lyle W. Cayce
Clerk

BRUCE BLAIR,

      Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
NovaStar Mortgage Funding Trust, Series 2006-4; MERSCORP HOLDINGS,
INCORPORATED; JUANITA STRICKLAND; NOVASTAR MORTGAGE,
INCORPORATED,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-759

---

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

      Bruce Blair challenges the foreclosure of his property on the grounds
that the foreclosing bank obtained his mortgage through an invalid assignment

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-50041

and that it improperly included the mortgage in a securitized trust.  For the reasons that follow, we affirm the district court's judgment for Defendants.

## I.

Bruce Blair purchased a property in Austin in 2006 with $161,600 in financing from a mortgage lender.  The loan was secured with a deed of trust in favor of Novastar Mortgage Inc., and Mortgage Electronic Registration Systems, Inc. (MERS) was listed as the "nominee" or "beneficiary."  In 2009, MERS transferred Blair's mortgage to Deutsche Bank National Trust Company.  The loan was transferred into a securitized trust, Novastar Mortgage Funding Trust, Series 2006-4.

Blair's property was foreclosed upon by Deutsche Bank in 2012 because Blair was delinquent on his loan.  He brought this lawsuit in state court, asserting various causes of action, including quiet title, breach of contract, wrongful foreclosure, Texas Debt Collection Act violations, Texas Deceptive Trade Practices Act violations, and filing fraudulent liens.  Deutsche Bank removed the case to federal court.  Blair moved to remand, and Defendants moved for judgment on the pleadings.

The district court denied Blair's motion to remand, which argued that the presence of a nondiverse Defendant—the substitute trustee, Juanita Strickland—defeated diversity jurisdiction.  The district court found that Strickland was improperly joined for the purpose of defeating diversity jurisdiction because there was "no reasonable basis for the Court to predict Blair might prevail against Strickland."  The court concluded that the claims against Strickland failed because Blair had not alleged Strickland's interest in the property and Blair lacked standing to challenge the assignment of his mortgage.  The court also granted Deutsche Bank and MERS's motion for judgment on the pleadings on the ground that Blair lacked standing.  It

2

No. 14-50041

dismissed the lawsuit without affording Blair the opportunity to amend his pleadings. Blair appeals.

## II.

Blair challenges the district court's ruling that he lacks standing to contest the assignment of his mortgage to Deutsche Bank. We addressed a similar issue in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). In that case, as in this one, homeowners challenged the assignment of their mortgage and its inclusion in a trust in violation of the Pooling and Servicing Agreement (PSA). We noted that while an obligor may defend against foreclosure "on any ground which renders the assignment void," an obligor has no standing to challenge an assignee's efforts to enforce an obligation on "any ground which renders the assignment voidable only." *Id.* at 225–26 (internal quotation marks omitted).

Blair argues that the assignment is void, and not merely voidable, on three grounds. First, he notes that his mortgage was transferred into a trust after the trust's closing date, in violation of its PSA. He contends that New York trust law governs the PSA, and that it renders that assignment void, not merely voidable. New York courts however, "have treated *ultra vires* actions by trustees as voidable and therefore susceptible of ratification." *Svoboda v. Bank of Am., N.A.*, 571 F. App'x 270, 273 (5th Cir. 2014) (collecting New York cases), *cert. denied*, 135 S. Ct. 679 (2014).

Second, Blair argues that Deutsche Bank cannot foreclose because it is not the holder of the note. He contends that under Texas law, "transferring the deed of trust without the note is a nullity." We have held, however, that third parties like Deutsche Bank do "not need to hold the note to foreclose" and have "recognized MERS's authority to assign its rights in the deed of trust without also assigning the underlying note." *Morlock, L.L.C. v. JP Morgan*

3

No. 14-50041

*Chase Bank, N.A.*, 587 F. App'x 86, 88 (5th Cir. 2014) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013)).

Third, Blair claims that because the deed of trust did not authorize MERS to assign the mortgage to Deutsche Bank, the assignment is void. But "we have repeatedly upheld MERS' assignment of mortgages to other entities" on the ground that MERS "qualifies as a mortgagee" under Texas law. *Van Duzer v. U.S. Bank Nat'l Ass'n*, 582 F. App'x 279, 282 (5th Cir. 2014) (citing *Martins*, 722 F.3d at 255). We therefore reject Blair's argument that the district court erred by holding that he lacks standing to challenge the assignment of his mortgage.[1]

### III.

Finally, Blair argues that the dismissal of his case without leave to amend was an abuse of discretion because he was not given the opportunity to meet the more stringent federal pleading requirements after his case was removed. He also notes that the district court failed to explain its decision not to grant leave to amend.

"Where, as in the present case, the district court provides no explanation for denying leave to amend, we affirm only where the reason for the denial is 'readily apparent' . . . [and] the record reflects 'ample and obvious grounds for denying leave to amend.'" *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (internal quotation marks omitted). Despite

---

[1] Blair's Notice of Appeal states his intent to appeal the district court's denial of his motion to remand. His appellate brief, however, only discusses the motion to remand in the standard of review section, without challenging the substance of the district court's ruling. The district court denied Blair's motion to remand on the same grounds on which it granted Deutsche Bank and MERS's motion for judgment on the pleadings. Because we agree that Defendants have demonstrated that "there is no possibility of recovery by the plaintiff against" Strickland, denial of Blair's motion to remand was appropriate. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (finding improper joinder because plaintiff was unable to establish cause of action against nondiverse party).

No. 14-50041

its lack of explanation, the district court's grounds are apparent from the record. Blair "made only a general request for leave to amend and did not identify" how an amendment would cure the defects in his complaint. *See id.* Nor did Blair provide the district court with a copy of his proposed amended pleading. *See* W.D. Tex. R. CV-7(b) ("When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave."); Fed. R. Civ. P 15(a) (requiring leave of the court or the opposing party's written consent to amend a pleading more than 21 days after the opposing party's responsive pleading). Finally, well-established law prevents Blair from establishing standing, and more specific allegations would not fix that defect. The district court's dismissal without leave to amend therefore was not an abuse of discretion.

## IV.

We therefore AFFIRM the district court's judgment.

5